**Tarek Saad TAWFIK, Petitioner,**

v.

**Michael B. MUKASEY, United States Department of Justice,\* and Michael Chertoff, United States Department of Homeland Security, Respondents.**

**No. 06–5517–ag.**

United States Court of Appeals, Second Circuit.

Nov. 5, 2008.

---

\* Michael B. Mukasey, the current United States Attorney General, is automatically substituted for his predecessor in office, Alberto Gon-

zales, pursuant to Federal Rule of Appellate Procedure 43(c)(2).

Rakhvir Dhanoa for Sandra P. Nichols, New York, NY, for Petitioner.

Stacy S. Paddack, Office of Immigration Litigation, Civil Division, United States Department of Justice, Washington D.C. (Peter D. Keisler, Assistant Attorney General; Michelle Gorden Latour, Assistant Director; Cindy S. Ferrier, Senior Litigation Counsel, Office of Immigration Litigation, on the brief), for Respondents.

Present: ROSEMARY S. POOLER, ROBERT D. SACK and DEBRA ANN LIVINGSTON, Circuit Judges.

## SUMMARY ORDER

Tarek Saad Tawfik petitions for review of an order of the BIA affirming an order of Immigration Judge ("IJ") Robert Weisel, that directed Tawfik's removal to Egypt. *See In re TAWFIK,* A93 107 825, 2006 WL 3485756 (B.I.A. Nov. 6, 2006) (per curiam), *aff'g* A93 107 825 (Immig. Ct. N.Y. City Apr. 26, 2005). We assume the parties' familiarity with the facts, proceedings below, and specification of issues for review.

The BIA correctly concluded that the IJ did not err in denying Tawfik's motion to (1) suppress evidence obtained when Tawfik registered for the National Security Entry–Exit Registration System ("NSEERS") and (2) terminate the removal proceeding. There was no legal basis for either motion. Even assuming—without deciding—that Tawfik was entitled to be notified that he had a right to counsel at his NSEERS interview, he was notified in writing that he could bring counsel. Further, even crediting Tawfik's testimony concerning his interrogation, he has not demonstrated "egregious violations of Fourth Amendment or other liberties that might transgress notions of fundamental fairness and undermine the probative value of the evidence obtained," such that could potentially justify exclusion of evidence. *Almeida–Amaral v. Gonzales,* 461 F.3d 231, 234 (2d Cir.2006) (quoting *INS v. Lopez–Mendoza,* 468 U.S. 1032, 1050–51, 104 S.Ct. 3479, 82 L.Ed.2d 778 (1984)).

In addition, contrary to Tawfik's claim, NSEERS did not violate his right to equal protection, as guaranteed by the Due Process Clause of the Fifth Amendment to the United States Constitution. *See Rajah v. Mukasey,* 544 F.3d 427, 438–40 (2d Cir. 2008).

Therefore, we deny review.